Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorney for Named Plaintiffs and the FLSA Collective Plaintiffs*

**08 CIV 7060**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NURUDEEN Z. MOHAMMED, on behalf of
himself and others similarly situated,

        Plaintiffs,

    v.

MJS MANAGEMENT CORPORATION,
WEST END TOWERS GARAGE
CORPORATION, BAMFORD GARAGE
CORPORATION, BRIDGE PARKING
CORPORATION, CONCERTO GARAGE
CORPORATION, ALLIE GARAGE
CORPORATION, TAFT GARAGE
CORPORATION, CHIVIAN GARAGE
CORPORATION, MICHAEL
SCHNEEWEISS, GARY SCHNEEWEISS
and DOES 1-33

        Defendants.
------------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

1.    Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant MJS Management Corporation is hereinafter referred to as the "Management Defendant." Defendants West End Towers Garage Corporation, Bamford Garage Corporation, Bridge Parking Corporation, Concerto Garage Corporation, Allie Garage Corporation, Taft Garage Corporation, Chivian Garage Corporation, and Does 1-33 are hereinafter referred to as "Garage Defendants." Michael Schneeweiss and Gary Schneeweiss are hereinafter referred to as "Individual Defendants." Together, the Management Defendant, the Garage Defendants and the Individual Defendants are hereinafter referred to as "Defendants."

5. Garage Defendants are New York corporations, with their principle places of business located in Manhattan and the Bronx.

6. The Individual Defendants are the owners and operators of Garage Defendants.

7. The Principle Executive Office, MJS Management Corporation, is located at 425 West 59th Street, New York, New York, 10019.

8. John Does 1-33 are, on information and belief, other garage corporations in New York owned and operated by Michael and Gary Schneeweiss.

9. Plaintiff Nurudeen Mohammed is currently employed by Defendants as a parking attendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all hourly employees employed by Defendants at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and, on information and belief, the other FLSA Collective Plaintiffs frequently worked more than forty hours per week.

12. Defendants paid or caused to be paid to Plaintiff and other FLSA Collective Action Plaintiffs, two checks per pay period.

13. One check reflected non-overtime hours. The other check was for overtime hours but not at the overtime rate.

14. Rather, Defendants paid straight time for overtime work.

15. On information and belief, the same violation occurred at all Garage Defendants.

16. On information and belief, the violation emanated from, was approved and/or ratified by the Management Defendant and the Individual Defendants.

17. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and

pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at one and one half times this rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiff via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiff brings the Second Claim for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all hourly employees employed by Defendant at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than one hundred (100) members of the Class.

22. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of willfully failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour Rule 23 cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25.   Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed or jointly employed Plaintiff and the Class within the meaning of the New York law.

b) Whether Defendant properly compensated Plaintiff and Class members for overtime.

c) What proof of hours is sufficient where Defendant fails in its duty to maintain time records.

d) At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay the class members for their work.

e) What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at overtime rates for overtime work.

f) The proper measure of damages sustained by members of the Class.

## FACTS

27. Plaintiff's consent to sue forms is attached hereto as Exhibit A.

28. Defendants committed the following alleged acts knowingly, intentionally and willfully.

29. Defendants knew that nonpayment of overtime would economically injure Plaintiffs and violated federal and state laws.

30. Defendants' violation was willful.

31. Plaintiff, the FLSA Collective Plaintiffs and Class Members often worked in excess of forty hours per workweek.

32. Plaintiff was not compensated one and one half times the regular hourly rate for hours that he worked in excess of forty per workweek.

33. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

### FIRST CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiff on Behalf of Himself
and the FLSA Collective Plaintiffs)

34. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

35. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

36. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one and one half times the regular hourly rate for work in excess of forty (40) hours per

workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

37. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times the regular rate for hours worked in excess of forty (40) hours per workweek.

38. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
Brought by Plaintiff on Behalf of
Himself and the Class)

39. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

40. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

41. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class at the required overtime rates, one and a half times the regular rate for hours worked in excess of forty (40) hours per workweek.

42. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
August __, 2008

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
Charles E. Joseph (CJ-9442)

Charles E. Joseph (CJ-9442)
D. Maimon Kirschenbaum (DK 2448)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff, proposed collective action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

# EXHIBIT A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by BAMFORD GARAGE, WEST END TOWERS GARAGE CORP., and MICHAEL SCHNEEWEISS, and/or related individuals and/or entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Nurudeen Zakeriq Mohammed
Full Legal Name (Print)

_(signature)_
Signature

07/28/08
Date