## JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 757 Third Avenue, 25th Floor |
| Diane Hester | New York, NY 10017 |
| D. Maimon Kirschenbaum | Phone (212) 688-5640 |
| Matthew D. Kadushin | Fax (212) 688-2548 |
| Amy Zobel | www.jhllp.com |
| Michael D. Palmer | |
| Denise A. Schulman | |
| | |
| Counsel: | |
| Michael DiChiara* | |
| *Also admitted in NJ & MA | |



December 6, 2010

### VIA FACSIMILE (212-805-7920)

Judge Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    **Mohammed v. MJS Garage Mgmt. Inc., et al.**
           **No. 08 Civ. 7060 (SAS)**

Dear Judge Scheindlin:

      We represent the Plaintiffs in the above-referenced case. I write to follow up on Defendants' counsel's letter dated November 18, 2010. As Defendants' counsel noted, the class list they initially produced was based on incomplete information. Defendants have made a diligent effort to identify additional documents to fill in the missing information, and they have done so. There are nonetheless some time periods for which Defendants do not have weekly payroll information. For most of those periods, Defendants have quarterly payroll information which allow them to calculate class members' weeks worked.

      2002 presents a unique issue. The only available remaining payroll documentation for that year is W-2 forms that show each employee's total yearly earnings. Defendants were able to approximate the weeks worked by calculating how many weeks the wages represented and then pro-rating the yearly wages to account for the partial recovery period covered by the lawsuit. This lawsuit was filed on August 8, 2008, so only the period between August 8, 2002 and December 31, 2002 is covered by the statute of limitations. Counsel for all parties have conferred at length and agree that given the documents available, this is the best method of calculating weeks worked in 2002.

      We are advising the Court of this methodology because it will result in (1) some individuals who would otherwise be barred by the statute of limitations from receiving payment

1

under the settlement and (2) a small dilution of the previously expected recovery for class members who worked from August 8, 2002 to December 31, 2002. For example, an employee who worked only between January 1, 2002 and August 7, 2002 will recover. Conversely, the recovery for those employees who worked only between August 8, 2002 and December 31, 2010 will be reduced fractionally. Based on our analysis of the currently available data, any reductions that result from the calculation being made in this manner will be minor. As a point of reference, the total weeks worked by the class as a whole for the entire settlement period exceed 60,000, making each week worked worth less than $13 on average  Based on the available records, this is the only reasonable solution to this issue.

We do not believe that this methodology requires any change to the notice to class members. On the subject of how each employees' settlement share is calculated, the notice states that "[e]ach Class Member's settlement share was calculated with reference to his or her total weeks worked between August 8, 2002 and February 19, 2010 and rate of pay, *as determined by Defendants' records*[,]"The methodology described above is a caulation based on Defendants' best available records.

In order to avoid the possibility of having to send a corrective notice should the Court take issue with the above method of calculating class members' weeks worked, we wish to delay preparing and sending notice until we receive the Court's approval for the above method. It will take us two weeks to prepare and mail the notice once the Court has so approved. If this delay requires a change in the date of the fairness hearing, all parties are available for a rescheduled hearing at the Court's convenience.

We thank the Court for its attention to this matter.

*[handwritten annotation: The methodology described in this letter is approved by the Court. Notice may go out forth with. So Ordered: [signature] 12/16/10]*

Respectfully submitted,

[signature]

Denise A. Schulman

cc: Dan Morris, Esq. (via e-mail to dwmorris@cbdm.com)

> This correspondence was delivered to my adversary by email instead of via facsimile, because: there is no client charge for email, it permits the correspondence to be delivered to my adversary more quickly than a facsimile, it leaves a smaller carbon footprint, and because my adversary and I have regularly communicated in this matter via email.